UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:

Lutchi Gayot,

                           Debtor.

------------------------------------------------------------------x

NOT FOR PUBLICATION

Chapter 13

Case No. 25-11380 (JPM)

**MEMORANDUM OPINION AND ORDER GRANTING
<u>TRUSTEE'S MOTION TO DISMISS</u>**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I.    INTRODUCTION

Before the Court is the Chapter 13 Trustee's (the "**Trustee**") *Motion to Dismiss* (the "**Motion**") [Dkt. No. 88] dated November 12, 2025. The Motion asserts that the debtor, Lutchi Gayot's (the "**Debtor**") Chapter 13 bankruptcy petition should be dismissed under 11 U.S.C. § 1307.

On December 11, 2025 Kapitus Servicing Inc. as Servicing Agent for Kapitus LLC, f/k/a Colonial Funding Network Inc. as Servicing Agent for Strategic Nationwide Funding ("**Kapitus**") joined the Trustee and filed the *Objection to Confirmation of Ch. 13 Plan and Joinder of Kapitus Servicing, Inc. as Servicing Agent for Kapitus LLC, f/k/a/ Colonial Funding Network Inc as Servicing Agent for Strategic Nationwide Funding to Ch. 13 Trustee's Motion to Dismiss Case* (the "**Joinder**") [Dkt. No. 102].

The Debtor filed *Debtor's Opposition to Chapter 13 Trustee's Motion to Dismiss* (the "**Opposition**") [Dkt. No. 105] on December 11, 2025 requesting the Court deny the Motion.

The Court held a hearing on the Motion on December 18, 2025 (the "**Hearing**") and allowed the Debtor a brief adjournment to January 15, 2026 to address the issues raised by the Trustee in the Motion.

On February 12, 2026, the Trustee filed the *Status Letter re: the Trustee's Pending Motion to Dismiss (ECF No. 88)* (the "**Status Letter**") [Dkt. No. 121].

## II.    BACKGROUND

On June 23, 2025, the Debtor, pro se, filed a petition for Chapter 13 relief. [Dkt. No. 1]. The Court entered a *Deficiency Notice* (the "**Deficiency Notice**") on June 23, 2025 informing the Debtor of various missing documents including a Chapter 13 Model Plan, Schedules A – J,

2

Statement of Financial Affairs and Summary of Monthly Income and Calculation of Commitment Period amongst others. [Dkt. No. 3]. On July 7, 2025 the Debtor filed certain documents listed in the deficiency notice at Dkt. No. 16, 17, and 19.

The Debtor also filed a *Motion to Seal Portions of Chapter 13 Plan, Schedules, and Statement of Financial Affairs* (the "**Motion to Seal**") [Dkt. No. 18] on July 7, 2025. The Debtor stated that the "disclosure of financial projections or legal matters may compromise sensitive financial information, warranting protection from public access." [Dkt. No. 18]. On July 14, 2025 the Court entered a Memorandum Endorsed Order (the "**Seal Order**") [Dkt. No. 23] granting the Motion to Seal. Under the Seal Order, the Debtor was allowed to seal off portions of the Chapter 13 Plan, Schedules I and J, and the Statement of Financial Affairs referencing financial projections or pending legal matters.

On September 15, 2025 the Trustee filed the *Affirmation in Support of Motion to Vacate the Memorandum Endorsed Order Signed on 7/14/25 Granting Motion to Seal Portions of Chapter 13 Plan, Schedules, and Statement of Financial Affairs* (the "**Motion to Vacate**") [Dkt. No. 40]. The Motion to Vacate requested that the Court vacate the Seal Order pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018, Fed. R. Civ. P. 60(b) and Bankruptcy Rule 9024 "as the Debtor failed to present any evidence or legal argument in the Motion to Seal that would overcome the strong presumption and public policy favoring open access to court records." [*Id.*, p. 3]. The Trustee asserted that the Motion to Seal was not properly served and did not contain a notice of motion. [*Id.*, p. 2]. Further, the Trustee stated that because of the Seal Order, the Trustee was "unable to properly examine the Debtor at the 341(a) Meeting of Creditors" and that creditors were highly prejudiced by the continued seal of these documents. [*Id.*, p. 9].

The Debtor filed an *Opposition to the Trustee's Motion to Reconsider* [Dkt. No. 47] and a

3

*Notice of Amended A/B – Equitable and Trust Interests in 2819 Synder Avenue; Parallel § 1983 Litigation and Scheduling Considerations* [Dkt. No. 48] (together, the "**Opposition to Motion to Vacate**"). On October 9, 2025 (the "**October 9 Hearing**") the Court held a hearing and heard arguments from the Trustee and other parties in interest. [Dkt. No. 67]. The Debtor failed to appear at the October 9 Hearing and the Court granted the Motion to Vacate. [*Id.*]. The Court entered an *Order Granting Chapter 13 Trustee's Motion to Vacate Order Sealing Portions of Debtor's Chapter 13 Plan, Schedules and Statement of Financial Affairs* (the "**Order Vacating Seal**") on October 31, 2025. [*Id.*] The Order Vacating Seal expunged the documents filed under seal by the Debtor and directed the Debtor to "refile the documents previously filed under seal, without redactions, including but not limited to the Chapter 13 Plan, Schedules, and Statement of Financial Affairs." [*Id.*, p. 2]. The Debtor was given until November 7, 2025, seven days from entry of the Order Vacating Seal to comply. [*Id.*].

The Trustee, having found the Debtor's filings either insufficient or missing, filed the Motion on November 12, 2025 requesting the Court dismiss the case under § 1307(c). [Dkt. No. 88]. The Motion requested dismissal for a variety of reasons, including failure to file required documents pursuant to 11 U.S.C. § 521(a), unfeasibility of the Debtor's Chapter 13 Plan pursuant to 11 U.S.C. § 1325(a)(5), and failure to make timely plan payments as required by 11 U.S.C. § 1326(a)(1).[1]

On December 11, 2025, Kapitus adopted the Trustee's legal and factual arguments in the

---

[1] The complete list of deficiencies included in the Motion are as follows: failure to (1) file documents and comply with the Order Vacating Seal, 11 U.S.C. § 521(a)(1), and Bankruptcy Rule 1007(b), (2) file a Chapter 13 Plan that complies with the applicable commitment period under 11 U.S.C. § 1325(b)(4)(A)(ii)(I) and is feasible under 11 U.S.C. § 1325(a)(5), (3) be examined at the 341 Meeting of Creditors as required by 11 U.S.C. § 343, (4) file a Chapter 13 Plan on the approved SDNY model plan form as required by 11 U.S.C. § 1321 and Fed. R. Bankr. P. 3015(b), (5) serve the Chapter 13 Plan on the Trustee and all creditors and file the proof of service thereof as required by S.D.N.Y. LBR 3015-1(c), (6) commence making Chapter 13 Plan payments to the Trustee pursuant to 11 U.S.C. § 1326(a)(1), and (7) provide the Trustee with copies of 2021, 2022, 2023, and 2024 federal and state tax returns as required pursuant to 11 U.S.C. § 521(f)(1).

Motion and filed the Joinder. [Dkt. No. 102]. The Debtor responded by filing the Opposition on December 11, 2025. [Dkt. No. 105]. The Opposition claimed that "all the deficiencies have been cured in good faith" and that "[d]ismissal is not warranted under § 1307(c), as the plan is feasible and complies with § 1325." [*Id.*]. On December 12, 2025, the Debtor filed *Amended Schedules I-J and Amended Statement of Financial Affairs*, *Amended Chapter 13 Plan*, and a *Cover Letter for Filing Amended Schedules and Exhibit A to Objection of Doc 63* (together, the "Amended Documents") [Dkt. No. 106 – 108].

At the Hearing the Trustee argued that the Amended Documents were still deficient and the Motion was adjourned to allow the Debtor time to amend his filings and come current on his Chapter 13 Plan payments. The Status Letter submitted by the Trustee on February 12, 2025 reiterated the Trustee's dismissal request and identified the continuing deficiencies in the documents.

## III.    LEGAL STANDARD

Section 1307(c) of the Bankruptcy Code authorizes a Court, on request of a party in interest or the United States Trustee and after a notice and hearing, to dismiss a Chapter 13 case or convert it to Chapter 7 "for cause," whichever "is in the best interests of creditors and the estate." 11 U.S.C. § 1307(c). The statute includes eleven grounds that constitute "cause':

(1)    unreasonable delay by the debtor that is prejudicial to creditors;
(2)    nonpayment of any fees and charges required under chapter 123 of title 28;
(3)    failure to file a plan timely under section 1321 of this title;
(4)    failure to commence making timely payments under section 1326 of this title;
(5)    denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
(6)    material default by the debtor with respect to a term of a confirmed plan;
(7)    revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
(8)    termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

5

(9)    only on request of the United States trustee, failure of the debtor to file, within
fifteen days, or such additional time as the court may allow, after the filing of
the petition commencing such case, the information required by paragraph (1)
of section 521(a);

(10)    only on request of the United States trustee, failure to timely file the
information required by paragraph (2) of section 521(a); or

(11)    failure of the debtor to pay any domestic support obligation that first becomes
payable after the date of the filing of the petition.

11 U.S.C. § 1307(c).  "The grounds enumerated in subsections 1307(c)(1) through (11) are not

exhaustive."  *In re Jensen*, 425 B.R. 105 (2010) (quoting COLLIER ON BANKRUPTCY ¶ 1307.04

(16th Ed. 2016)).  The power to convert or dismiss a case under § 1307(c) is discretionary.  *In re*

*Burgos*, 476 B.R. 107, 111 (Bankr. S.D.N.Y. 2012) (citing *Howard v. Lexington Invs.*, 284 F.3d

320, 323 (1st Cir. 2002).

Section 1307(c)(1) states that in a Chapter 13 case "unreasonable delay by the debtor that is

prejudicial to creditors" is grounds for conversion to Chapter 7 or dismissal.  *In re Burgos*, 476

B.R. at 111 (citing 11 U.S.C. § 1307(c)(1)).  Section 1307(c)(4) provides for conversion to Chapter

7, or dismissal, of a chapter 13 case where the debtor fails to "commence making timely payments

under § 1326 of this title."  11 U.S.C. § 1307(c)(4).

## IV.    **DISCUSSION**

After reviewing the Docket, the Amended Documents, and the Status Letter, the Court has

identified seven continuing deficiencies: (1) deficient Schedules I and J, (2) failure to file affidavits

of contribution and operating reports for the Debtor's undisclosed business 'TaskRabbit Inc,' (3)

failure to submit a feasible Chapter 13 Plan, (4) failure to submit a Chapter 13 Plan on the approved

SDNY model plan form, (5) failure to make timely plan payments, (6) failure to properly submit

tax returns to the Trustee, and (7) failure to be examined at the 341 Meeting of Creditors.  [Status

Letter].  The Court will thus grant the Motion under 11 U.S.C. § 1307(c)(1) and 1307(c)(4).

### A. **11 U.S.C. § 1307(c)(1)**

The Court agrees with the Trustee that the Debtor's sustained deficiencies have resulted in an "unreasonable delay that is prejudicial to the rights of creditors" under Section 1307(c)(1).

### i. **Deficient Documents**

The Debtor has been on notice of the aforementioned filing deficiencies since June 23, 2025. [Dkt. No. 3]. The Debtor has been allowed multiple opportunities to remedy these deficiencies. Both the Court and the Trustee have alerted the Debtor to the pending issues in this case. While the Debtor submitted the Amended Documents and filed the Opposition claiming "[a]ll deficiencies have been cured in good faith," this is incorrect. [Opposition, p. 2]. The Debtor was granted leave at the Hearing to remedy the Debtor's lingering deficiencies and has failed to do so.

Out of the seven deficiencies raised in the Status Letter, five are filing deficiencies. The Trustee states that the Amended Chapter 13 Plan is deficient as it is (1) not submitted on a SDNY model plan form as required by 11 U.S.C. § 1321 and Fed. R. Bankr. P. 3015(b) and (2) is unfeasible. [Status Letter, p. 2]. The Trustee argues that the "proposed plan sets forth monthly payments of $225.79 over the course of [sixty] months …. [and] as such, the total amount to be paid into the plan would be $13,547.40." [*Id.*]. However, the Amended Chapter 13 Plan does not provide for full repayment of secured claims totaling $656,324.09 and priority claims totaling $3,687.95. [*Id.*] The Debtor also misclassifies a secured claim in the Amended Chapter 13 Plan as unsecured. [Dkt. No. 107]. The Court agrees with the Trustee's assertion that the Amended Chapter 13 Plan is both unfeasible and submitted on an improper form.

In addition to an unfeasible Chapter 13 Plan, the Debtor has failed to provide the Trustee with necessary documentation to oversee the bankruptcy proceeding. In the Status Letter, the

Trustee explains that while the Debtor "did provide a transaction report for his undisclosed business 'TaskRabbit Inc.' …. the Trustee would need an operating report or profit and loss statement to accurately view the income." [Status Letter, p. 2]. The Schedules I and J also list income from "his non-filing spouse and a contribution from his mother." [*Id.*]. The Trustee explained in the Status Letter that the Debtor needed to "provide the Trustee with affidavits of contribution for each person contributing to the proposed plan or to payment of expenses of the Debtor's household." [*Id.*]. Lastly, the Debtor did not timely submit the Debtor's tax returns to the Trustee's office. [*Id.*, p. 3]. While the Debtor submitted the missing tax returns to the Trustee after the Motion was filed, the Debtor did not properly redact his personal identification and "per protocol, the [tax] returns were deleted from [the Trustee's] system." [*Id.*].

In the almost three months from the Hearing the Debtor has yet to solve the pending issues. Courts have held that where a further delay by the Debtor would "only prejudice creditors and [make] the feasibility of any plan unlikely," conversion or dismissal is proper. *In re Burgos*, 476 B.R. at 111 (quoting *Howard*, 284 F.3d at 323) (citing *In re Gonzalez*, 99 B.R. 188, 191 (Bankr. D.P.R. 1989)). The Court finds that further delay would only prejudice the creditors. 25Accordingly, the Court finds that Debtor's failure to timely file sufficient documents and cure the deficiencies in the Amended Documents constitutes an "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1).

## ii. **Failure to Complete the 341 Meeting of Creditors**

Additionally, the Debtor has failed to complete the 341 Meeting of Creditors as is required under 11 U.S.C. § 341(a). The 341 Meeting of Creditors was originally noticed for July 24, 2025. [Dkt. No. 5]. The 341 Meeting of Creditors was continued on six occasions including (1) August 21, 2025, (2) October 23, 2025, (3) December 11, 2025, (4) February 5, 2025, (5) March 5, 2025,

8

and (6) April 9, 2026.  [Dkt. No. 9, 29, 32, 64, 110, 125].  In the Motion the Trustee describes the Debtor's failure to be examined at the 341 Meeting of Creditors.  [Motion, p. 3].

The Status Letter states that "[t]o date, there has been no 341(a) Meeting of Creditors held and the [seventh] scheduled hearing is April 5, 2026, however the Trustee has not received proof of identification or verification of the Debtor's social security number as required to hold the meeting."  [Status Letter, Dkt. No. 121].  The Debtor has had over eight months from the date of filing to produce the required identification requested by the Trustee.  The Court agrees with the Trustee that this supports an additional finding of unreasonable delay constituting a default that is prejudicial to the rights of the creditors.  [*Id*., p. 3].

### B.  11 U.S.C. § 1307(c)(4)

Independently from Section 1307(c)(1), Section 1307(c)(4) provides for conversion or dismissal of a chapter 13 case when a debtor fails to commence making timely plan payments.  11 U.S.C. § 1307(c)(4); *In re Burgos*, 476 B.R. 107 (Failure to make timely plan payments may on its own because for dismissal).  The Status Letter states that since filing the Debtor has made just one plan payment, totaling $330.00.  [*Id.*, p. 2].  At the time the Status Letter was filed by the Trustee, the Debtor was in an arrearage of $1,250.33.  [*Id*].  The Debtor's failure to make timely plan payments to the Chapter 13 Trustee pursuant to 11 U.S.C. § 1326 is further cause for dismissal.

9

V.    **CONCLUSION**

For the forgoing reasons, the Motion is **GRANTED** and the Debtor's Chapter 13 case is

**DISMISSED**.  All pending motions are **DENIED AS MOOT.**

**IT IS SO ORDERED**.


Dated: March 13, 2026
        New York, New York

    /s/      John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE